# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| JOSH PERROTTA, individually,<br><br>       Plaintiff,<br><br>   vs.<br><br>FIRST EDGE, LLC, a domestic limited liability company;<br><br>ERIC VALDES (a/k/a Eric Zirkle; Erik Circle; Erick Zircle; Eric Zirke; Eric Zirkie; Eric Zerkl; Eric Zurkle, Eric Borkie), individually,<br><br>       Defendants. | Case No.: 6:24-cv-01638<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, JOSH PERROTTA, individually, sues Defendants, FIRST EDGE, LLC, a domestic limited liability company, and ERIC VALDES, individually, and alleges as follows:

### PRELIMINARY STATEMENT

1. Since at least May 29, 2023, Valdes orchestrated a series of varied and complex fraudulent schemes that shared one common theme: He devised ways to enrich himself at the expense of those who invested in entities that he ran. As the CEO and day-to-day operator, Valdes exerted control over First Edge that bore the brunt of his misconduct.

### NATURE OF THE ACTION

2. This is an action for federal securities fraud, breach of contract, and unjust enrichment.

3. Defendants, directly or indirectly, made use of the means and instrumentalities of interstate commerce or of the mails in connection with the acts, transactions, practices, and courses of business alleged in this Complaint. Certain transactions, acts, practices and courses of business that form the basis for the violations alleged in this Complaint occurred within Orange County, Florida.

**PARTIES**

4. Plaintiff, JOSH PERROTTA ("Perrotta"), is *sui juris* and is a citizen of the State of Florida.

5. Defendant, FIRST EDGE, LLC, is a domestic limited liability company, whose members are *sui juris* and are citizens of the State of Florida. First Edge has offices in Florida and New York.

6. Defendant, ERIC VALDES ("Valdes"), is *sui juris* and is a citizen of the State of Florida. Valdes is the CEO of First Edge, and he is the sole owner. In practice, that meant Valdes himself made the investment decisions for First Edge, and he invested significant amounts of its assets into securities. Valdes received fees and other compensation for the advice he provided regarding securities investments.

**SUBJECT MATTER JURISDICTION**

7. This Court has jurisdiction over the subject matter in this action, pursuant to 28 U.S.C. §§ 1331, because this action involves federal questions.

8. Aside from the federal claim alleged herein, this court has supplemental jurisdiction over the state law claim in this action, pursuant to 28 U.S.C. § 1367, because the court has original jurisdiction of the federal question claim, and the state

law claim is so related to the federal question claim that it forms part of the same controversy under Article III of the United States Constitution.

## PERSONAL JURISDICTION

9. This Court has general *in personam* jurisdiction over Defendants because they are found in the State of Florida.

## VENUE

10. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b)(1), because Defendants reside in the same district: the Middle District of Florida.

11. The Orlando Division of this Court is proper, pursuant to Local Rule 1.04, because the claims accrued in Orange County, Florida.

## GENERAL ALLEGATIONS

12. First Edge purports to be a "wealth management company in the secondary market" in the petroleum reselling industry. It alleges that its commitment to be straightforward is a "hallmark" of the company. However, First Edge is nothing than a Ponzi scheme.

13. On or about May 29, 2023, Perrotta entered into an investment with First Edge, based on the sale of crude oil and refined petroleum products, internationally.

14. The securities in this Complaint are unregistered.

15. A true and correct copy of the investment contract is attached hereto as **Exhibit "A."**

16. The investment states, among other things, that the initial and return of the investment was to be $446,000.

17. Significantly, the investment term was set to expire <u>before</u> May 29, 2024.

18. Perrotta wired $223,200 to First Edge on May 31, 2023, via Wells Fargo.

19. As the CEO of First Edge, Valdes approved of several filings and representations for First Edge from May 2023 to present, regarding Perrotta.

20. The investment is a federal security under the *Howey* test as it consists of an investment of money, expectation of profits, common enterprise, and reliance on the efforts of others.

21. The investment was acquired in exchange for value. Perrotta expected profits from the investment. First Edge and Valdes had a common enterprise with others to materialize the petroleum reselling venture based on the reliance on the efforts of others.

22. After the wire was complete, First Edge started a calculated barrage of misstatements to ignore Perrotta and failed to return the investment back, including that First Edge is not a wealth management company in the secondary market in the petroleum reselling industry. Instead, it's a Ponzi scheme.

23. First Edge and Valdes misrepresented or omitted material information by suggesting that First Edge was in the secondary market in the petroleum reselling industry.

24. That information was material to Perrotta's decision to invest in First Edge and he relied on the statement.

25. Defendants acted knowingly or with reckless disregard for the truth of the misrepresentation or omission.

26. All general and statutory conditions precedent to this action has either occurred or have been waived by operation of law.

27. The undersigned counsel is entitled to recover reasonable fees in this action, pursuant to the Securities Exchange Act of 1934, § 10(b), 15 U.S.C. § 78j(b), as well as the contract between the parties.

## COUNT I
### Violation of Section 10(b) of the Exchange Act and Rule 10b-5
### First Edge, LLC
### Valdes

28. Perrotta re-alleges the allegations set forth in paragraphs 2 through 27, above, as though fully alleged herein.

29. By engaging in the conduct described above, Defendants First Edge and Valdes, in the offer or sale of securities, by use of the means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

- with scienter, employed devices, schemes or artifices to defraud;
- obtained money or property by means of untrue statements of material facts or omissions to state material facts necessary to make

the statements made, in the light of the circumstances under which they were made, not misleading; and

- engaged in transactions, practices and courses of business which have operated, are now operating or will operate as a fraud or deceit upon Perrotta.

30. By reason of the foregoing, Defendants First Edge and Valdes have violated, and unless restrained and enjoined will continue to violate, Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

31. Perrotta suffered damage.

**WHEREFORE,** Plaintiff, JOSH PERROTTA, demands judgment against Defendants, FIRST EDGE, LLC and ERIC VALDES, respectfully requests the entry of an Order awarding Perrotta with (i) enjoining Defendants from violating Section 10(b) of the Exchange Act and Rule 10b-5, (ii) requiring Defendants to each disgorge their respective ill-gotten gains, plus prejudgment interest thereon nominal, compensatory, and special damages; (iii) requiring Defendants to each pay civil penalties; (iv) awarding reasonable attorneys' fees and costs of the action; (v) retaining jurisdiction of this action in accordance with the principles of equity and the Federal Rules of Civil Procedure in order to implement and carry out the terms of all orders and decrees that may be entered, or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court; and, (vi) any such other, further, and different relief as the Court deems appropriate.

## COUNT II
### Breach of Contract
### First Edge, LLC

32. Perrotta re-alleges the allegations set forth in paragraphs 2 through 27, above, as though fully alleged herein.

33. The investment contract dated May 29, 2023, is a valid contract.

34. In August 2024, Valdes agreed with the following schedule on repaying the investment:

- August 31, 2024 in the amount of $100,000;
- September 30 in the amount of $100,000;
- October 31 in the amount of $100,000;
- November 30 in the amount of $100,000; and
- December 31 in the amount of $195,000.

35. Under the contract, plus the repayment schedule, Valdes owes $595,000 to Perrotta.

36. First Edge made a material breaches under the contract by refusing to return Perrotta's money back.  First Edge failed to start the repayment schedule on August 31, 2024.

37. Perrotta suffered damage.

**WHEREFORE,** Plaintiff, JOSH PERROTTA, demands judgment against Defendant, FIRST EDGE, LLC, respectfully requests the entry of an Order awarding Perrotta with (i) compensatory damages; (ii) injunctive relief; (iii)

reasonable attorneys' fees and costs of the action; (iv) prejudgment interest; and (v) any such other, further, and different relief as the Court deems appropriate.

## COUNT III
### Unjust Enrichment
### Valdes

38. Perrotta re-alleges the allegations set forth in paragraphs 2 through 27, above, as though fully alleged herein.

39. Valdes has gotten the benefit of Perrotta's money since May 2023 in the amount of at least $223,200, which is a benefit on Valdes.

40. By virtue of the investment, Valdes voluntarily accepted and retained the benefit conferred.

41. The circumstances render Valdes's retention of the benefit inequitable unless Valdes pay Perrotta for the value of the benefit.

**WHEREFORE,** Plaintiff, JOSH PERROTTA, demands judgment against Defendant, ERIC VALDES, respectfully requests the entry of an Order awarding Perrotta with (i) nominal, compensatory, and special damages; (ii) injunctive relief; (iii) reasonable attorneys' fees and costs of the action; (iv) prejudgment interest; and (v) any such other, further, and different relief as the Court deems appropriate.

**DATED:** September 9, 2024

Respectfully submitted,

*Coleman Watson*
_____
**Coleman W. Watson, Esq.**
Florida Bar. No. 0087288
California Bar No. 266015
Georgia Bar No. 317133
New York Bar No. 4850004
Email: coleman@alexanderhero.com

**ALEXANDER HERO**
P.O. Box 3586
Orlando, FL 32802
Tel: (917) 796-6055

*Attorneys for Plaintiff*