# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JOSH PERROTTA, individually,

    Plaintiff(s),

vs.                                                      CASE NO.:  6:24-cv-01638

FIRST EDGE, LLC, a domestic limited

liability company; ERIC VALDES,

individually,

    Defendant(s).

_____//

## DEFENDANTS' MOTION TO DISMISS
## WITH INCORPORATED MEMORANDUM OF LAW

Defendants, FIRST EDGE, LLC and ERIC VALDES, by and through undersigned counsel, pursuant to Fed. R. Civ. P. 12(b)(6), submits this Motion to Dismiss Plaintiff's Complaint (DE 1) filed Plaintiff, JOSH PERROTTA ("Plaintiff"), and in support thereof, avers as follows:

## I.    PROCEDURAL POSTURE

Plaintiff filed his Complaint on September 10, 2024 alleging three causes of action arising from a joint venture between Plaintiff and Defendant First Edge,

LLC ("First Edge"): 1) violation of the Securities Act, 15 U.S.C. §77q(a); 2) breach of contract; and 3) unjust enrichment.  As relief for these claims, Plaintiff seeks various forms of damages, including many without basis.  As further addressed below, these claims are ripe for dismissal because:

- The Joint Venture Agreement attached to Plaintiff's Complaint, which controls all disputes arising from same, requires arbitration;

- There is no private cause of action under 15 U.S.C. §77q(a);

- There is no subject matter jurisdiction without a federal question;

- Plaintiff comingles Count I against both Defendants;

- Plaintiff fails to assert allegations making Defendant Valdes personally liable for Defendant First Edge; and

- Various components of relief sought are unwarranted.

Thus, the record is clear that Plaintiff cannot establish these claims and they must be dismissed.

## II.   <u>MEMORANDUM OF LAW</u>

### a.  <u>Motion to Dismiss Standard</u>

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of

action will not do." _Bell Atl. Corp. v. Twombly_, 550 U.S. 544, 127 S. Ct. 1955, 1964-1965 (2007) (citations omitted); see also _Frutera Real S.A. v. Fresh Quest, Inc._, No. 07-60445-CIV, 2007 WL 2316560, at *1 (S.D. Fla. August 9, 2007) (citing _Twombly_). Instead, the "[f]actual allegations must be enough to raise a right to relief above the speculative level. _Twombly_, 127 S. Ct. at 1965 (citations omitted); _Frutera Real_, 2007 WL 2316560 at *1. To state a cognizable claim, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." _Roe v. Aware Woman Ctr. For Choice, Inc._, 253 F.3d 678, 683 (11th Cir. 2001). In any pleading, even those drafted by a _pro se_ litigant, conclusory allegations and unwarranted deductions of fact are not accepted as true. See _Eidson v. Arenas_, 837 F. Supp 1158 (M.D. Fla. 1993). Further, the appropriate standard of review for a district court order compelling arbitration is _de novo, see, e.g., Lobo v. Celebrity Cruises, Inc._, 488 F.3d 891, 893 n. 1 (11th Cir. 2007).

### b. The Joint Venture Agreement Requires Arbitration

As part of Count II of the Complaint, Plaintiff has alleged breach of contract with the Joint Venture Agreement ("the Agreement") attached as Plaintiff's Exhibit A to his Complaint. (DE 1-2). This is an agreement between Defendant First Edge and Plaintiff dated May 29, 2023. This Agreement is in relation to opportunities arising from the purchase and sale of crude oil and refined

petroleum products.   Importantly for this motion, the Agreement contains a

dispute resolution provision as set forth below:

> **7** <u>**Dispute Resolution**</u> **In the event of any controversy or claim arising out of or relating to this Agreement or a breach thereof, the Parties hereto will first attempt to settle the dispute by mediation, administered by the International Centre for Dispute Resolution in accordance with its International Mediation Rules. If the settlement is not reached within sixty (60) days after the service of a written demand for mediation, any unresolved controversy or claim will be settled by arbitration administered by the International Centre for Dispute Resolution in accordance with its Commercial Arbitration Rules.** The arbitral tribunal will be composed of one arbitrator. The seat of arbitration will be Houston, Texas and the language to be used in the arbitral proceedings will be English. The arbitrator shall provide a reasoned award and may award attorney's fees to the prevailing party. Judgment on the award rendered by the arbitrator may be entered in any court having jurisdiction thereof.

*See* DE 1-2, §7, emphasis added.   As clearly delineated in this agreement, if Plaintiff

wishes to pursue recovery of any damages relating to this agreement, he must

"first attempt to settle the dispute by mediation."   *Id.*   That has not occurred and

Plaintiff has not alleged that it has occurred.   Further, if that required mediation is

unsuccessful, there is an arbitration provision requiring arbitration with the

International Centre for Dispute Resolution.   While Plaintiff has vaguely alleged

violation of the Securities Act and unjust enrichment, the only substantive

improper acts that have been alleged are that Defendant First Edge has failed to

timely begin to repay some (but not yet all) of the agreed investments by Plaintiff.

(DE 1, ¶34).   As patently alleged in the Complaint, all three purported causes of

action related specifically with repayment to Plaintiff under the Agreement.   As

all these claims are related to the Agreement, they all are arbitrable issues under the Agreement's arbitration clause. _Solymar Invs., Ltd. v. Banco Santander S.A._, 672 F.3d 981, (11th Cir. 2012); _Lobo v. Celebrity Cruises, Inc._, 488 F.3d 891, 893 n. 1 (11th Cir. 2007). Therefore, all three Counts of Plaintiff's Complaint should be dismissed to be handled pursuant to the Agreement with an initial mediation followed by an arbitration, if necessary.

### c. No Direct Claims Permitted for 15 U.S.C. §77q(a)

To the extent necessary, Defendants will address the additional substantive issues with Plaintiff's Complaint.

Plaintiff's Count I purports to sue both Defendants for fraudulent interstate transactions as outlined in 15 U.S.C. §77q(a). This statute provides for criminal penalties for engaging in the use of interstate commerce for purposes of fraud or deceit, etc. _Id._ Plaintiff, however, is unable to bring direct claims under 15 U.S.C. §77q(a). This is because there is no private right to action/cause of action for a violation of this statute. Count I of Plaintiff's Complaint conflates Rule 10b and §17(a), now amended to be, 15 U.S.C.A. §77q(a). (DE 1, ¶¶28-31). Despite the references to Rule 10b in the title of the count and damages demand, the allegations actually made by Plaintiff are nearly word for word from §77q(a)(1) through (3). Compare the statute with the allegations:

**(a)Use of interstate commerce for purpose of fraud or deceit**It shall be unlawful for any person in the offer or sale of any securities (including security-based swaps) or any security-based swap agreement (as defined in section 78c(a)(78) [1] of this title) by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly—

> **(1)** to employ any device, scheme, or artifice to defraud, or

> **(2)** to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

> **(3)** to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

15 U.S.C.A. §77q(a); and

> 29. By engaging in the conduct described above, Defendants First Edge and Valdes, in the offer or sale of securities, by use of the means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

> - with scienter, employed devices, schemes or artifices to defraud;

> - obtained money or property by means of untrue statements of material facts or omissions to state material facts necessary to make the statements made, in the light of the circumstances under which they were made, not misleading; and

> - engaged in transactions, practices and courses of business which have operated, are now operating or will operate as a fraud or deceit upon Perrotta.

*See* DE 1, ¶29. There is no private right of action under 15 U.S.C.A. §77q(a). *Currie*

*v. Cayman Res. Corp.*, 835 F.2d 780, 784 (11th Cir. 1988) (Finding that Section 17(a)

of the Securities Act of 1933 does not provide a private right of action. Securities

Act of 1933, §17(a), as amended, 15 U.S.C.A. §77q(a).); *U.S. S.E.C. v. Big Apple*

_Consulting USA, Inc._, 783 F.3d 786, 797 (11th Cir. 2015) ("Unlike Rule 10b–5, however, there is no private right of action under §17(a)."). "The other basis for Plaintiff's securities fraud claim, violation of Section 17(a) of the Securities Act, does not provide an implied private right of action, as has been repeatedly held by the Eleventh Circuit." _Freedom Env't Servs., Inc. v. Borish_, No. 6:12-CV-665-ORL-22, 2012 WL 2505723, at *3 (M.D. Fla. June 20, 2012), report and recommendation adopted, No. 6:12-CV-665-ORL-22, 2012 WL 2505715 (M.D. Fla. June 28, 2012).

Based on the foregoing, Count I of Plaintiff's Complaint cannot stand and must be dismissed.

### d.  Subject Matter Jurisdiction is Eliminated

In conjunction with the dismissal of Count I, Plaintiff thereby loses all purported federal subject matter jurisdiction.  Plaintiff has asserted that subject matter jurisdiction arises pursuant to the federal statute at issue in Count I pursuant to 28 U.S.C. §1331.  (DE 1, ¶7).  Plaintiff additionally asserts supplemental jurisdiction of Counts II (breach of contract) and III (unjust enrichment), under the supplemental jurisdiction provisions of 28 U.S.C. §1367. As such, Plaintiff's subject matter jurisdiction relies upon the validity of his one claim under 15 U.S.C.A. §77q.

However, as outlined above and repeatedly held by the Eleventh Circuit, no individual cause of action exists for 15 U.S.C.A. §77q.  As Plaintiff's single federal

claim cannot stand, his federal subject matter jurisdiction fails.  Dismissal for lack of subject-matter jurisdiction is proper here because the one purported federal claim is "insubstantial, implausible, foreclosed by prior decisions of this Court, [and] otherwise completely devoid of merit as not to involve a federal controversy." _Steel Co. v. Citizens for a Better Env't_, 523 U.S. 83, 89, 118 S. Ct. 1003, 1010, 140 L. Ed. 2d 210 (1998).

### e.  **Plaintiff's Count I Additionally Commingles One Claim Against Both Defendants**

Further, Plaintiff has alleged a single count of violation of 15 U.S.C.A. §77q against both Defendants.  Pursuant to Federal Rule of Civil Procedure 8(a), each cause of action must be individually pleaded against each individual defendant and not "shot-gunned" into mashups of claims.  _Kersey v. Corizon Health Care Servs._, No. 3:19-CV-1352-HLA-JRK, 2021 WL 4913359, at *4 (M.D. Fla. Oct. 21, 2021)  ("the complaint should 'separate each cause of action into a separate count and only name **one** defendant per **count**.'" _quoting_ _Richardson v. Bessemer Bd. of Educ._, No. 2:19-cv-01032-JHE, 2020 WL 2527096, at *3 (N.D. Ala. May 18, 2020).);  _see also_ _Mayer v. Carnival Corp._, No. 24-CV-20160, 2024 WL 962380, at *2 (S.D. Fla. Mar. 6, 2024).  As such, Count I is improperly pleaded and must be dismissed.

### f.  **Plaintiff's Count III Fails to State a Claim or Allege Any Form or Derivative Liability for Defendant Valdes**

In addition to the reasons why Count III should be dismissed as addressed above, Plaintiff's Count III also fails to establish any form of derivative liability for individual Defendant Valdes for the alleged actions of company Defendant First Edge.  Aside from making the conclusory allegations that Defendant Valdes is in charge of the company and made operational decisions related to his position with the company, there are no allegations set forth by Plaintiff to establish individual liability of Defendant Valdes.  (DE 1, ¶¶6, 19, 21, and 23).

Simply alleging that a company is owned or controlled by one or few shareholders is insufficient to bestow corporate liability upon an individual. _Buser v. Experian Info. Sols., Inc._, No. 8:23-CV-1881-TPB-UAM, 2023 WL 8828794, at *2 (M.D. Fla. Dec. 21, 2023).  Here, there is no cause of action or legal theory alleged that would purport to bestow liability on Defendant Valdes individually for the corporate acts of Defendant First Edge as arising from the Agreement making the basis of Plaintiff's claims.  As such, Count III fails to state a claim upon which relief can be granted.

### g.  **Plaintiff's Claims for Paying Civil Penalties, Injunctive Relief, and Portions of Claims for Attorney's Fees Are Improper**

In addition to the above arguments, Plaintiff also improperly seeks various types of damages in his "Wherefore" clauses consisting of 1) injunctive relief in all

three Counts, 2) payment of civil penalties in Count I, and 3) recovery of attorney's fees for Counts I and III.

Plaintiff has asserted entitlement to injunctive relief in all three Counts. Plaintiff asserts no basis for any injunctive relief and has asked the Court for "injunctive relief" without specifying what exactly he is asking for to prevent future violations of 15 U.S.C. §77q. (DE 1, ¶¶30, 31 wherefore clause, 37 wherefore clause, and 41 wherefore clause). Although Plaintiff does not specify whether he is seeking a temporary or permanent injunction, the allegations and underlying claims do not establish entitlement to either. A petition for preliminary or permanent injunction must allege (and then prove) 1) a violation or right, 2) establishment that there is no adequate remedy at law, and 3) irreparable harm. _Newman v. State of Ala._, 683 F.2d 1312, 1319 (11th Cir. 1982). "There is no such thing as a suit for a traditional injunction in the abstract. For a traditional injunction to be even theoretically available, a plaintiff must be able to articulate a basis for relief that would withstand scrutiny under Fed. R. Civ. P. 12(b)(6) (failure to state a claim)." _Klay v. United Healthgroup, Inc._, 376 F.3d 1092, 1097 (11th Cir. 2004). Here, Plaintiff has pleaded the existence of a clear remedy at law, should he be able to prove his case: a breach of contract. The existence of Count II wholly forecloses Plaintiff from asserting the injunctive remedies of the wherefore clauses.

Next, Plaintiff seeks the Court to force Defendants to pay "civil penalties" as a damage in Count I.  As previously set out in sections above, Plaintiff's claim in Count I purports to allege a violation of 15 U.S.C. §77q- which does not allow for a private cause of action.  Payment of "civil penalties" is simply not a category of damages allowable generally in a civil action and it certainly cannot be a damage in an action that is not allowable as a private cause of action.

Finally, Plaintiff separately claims entitlement to attorney's fees under 15 U.S.C. §78j along with the other damage claims in Count I.  (DE 1, ¶¶27-31).  While we have already established that Count I cannot stand, additionally, neither 15 U.S.C. §77q nor 15 U.S.C. §78j establish the right to recover attorney's fees. "Vexatious conduct inherent in the fraudulent acts that make up the 10b–5 cause of action cannot be the basis for an attorneys' fee award because punitive damages are not available in a 10b–5 action." _Woods v. Barnett Bank of Ft. Lauderdale_, 765 F.2d 1004, 1014 (11th Cir. 1985).  Similarly, attorney's fees are not appropriate for the claim of unjust enrichment in Count III.  Revealingly, Plaintiff asserts no basis for entitlement to such fees for this Count.  The existence of an attorney's fees provision in a contract cannot establish recovery of fees in separate causes of action.

As such, the above claimed damage components must be dismissed from any remaining Counts that survive the initial portions of this Motion.

### III.    <u>CONCLUSION</u>

For the reasons stated above, it is clear that the Plaintiff's claims against Defendants must be dismissed.  In the alternative, Defendants seek an order compelling Plaintiff to arbitration pursuant to the Joint Venture Agreement.

WHEREFORE, Defendants, FIRST EDGE, LLC and ERIC VALDES, respectfully request this Honorable Court to dismiss Plaintiff's Complaint with prejudice, and for such other and further relief as this Honorable Court deems just and proper, including an award of attorney's fees and costs pursuant to the Joint Venture Agreement to have to address the Complaint in favor of the Defendants, against the Plaintiff.

### <u>CERTIFICATE OF SERVICE</u>

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via Electronic Mail, to all counsel of record on the attached Service List, this 1st day of November, 2024.

LUKS,  SANTANIELLO,  PETRILLO,
COHEN & PETERFRIEND
Attorneys for Defendant
201 S ORANGE AVENUE
SUITE 400
ORLANDO, FL 32801
Telephone: (407) 540-9170
Facsimile: (407) 540-9171

By:   */s/ Frank E. Pierce, IV*
    Frank E. Pierce IV
    Florida Bar No.:  85271
    LUKSORL-Pleadings@LS-Law.com

## **SERVICE LIST**

Coleman W. Watson, Esq.
Florida Bar No.: 0087288
Email: Coleman@alexanderhero.com
ALEXANDER HERO
P.O. Box 3586
Orlando, FL 32802
T: 917-796-6055
Attorneys for Plaintiff