**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JOSH PERROTTA,**

**Plaintiff,**

**v.** **Case No: 6:24-cv-1638-PGB-LHP**

**FIRST EDGE, LLC and ERIC VALDES,**

**Defendants.**
______________________________/

**ORDER**

This cause comes before the Court upon periodic review of the file.

Shortly after this case was initiated, Defendants First Edge, LLC ("**First Edge**") and Eric Valdes ("**Valdes**") (collectively, the "**Defendants**") filed a motion to dismiss. (Doc. 29 (the "**Motion to Dismiss**")). Therein, Defendants argued that Plaintiff Josh Perotta's ("**Plaintiff**") claims fell within the scope of an arbitration agreement (the "**Arbitration Agreement**") entered by the parties. (*Id.*). On September 22, 2025, this Court entered an Order granting Defendants' request to compel arbitration as contained within the Motion to Dismiss. (Doc. 63 (the "**Order to Arbitrate**")). In the Order to Arbitrate, in accordance with the terms of the Arbitration Agreement, the Court ordered that Plaintiff and Defendants "shall proceed to mediation[1] and, if applicable, arbitration in

[1] The Arbitration Agreement required the parties to first attempt to mediate their disputes, and provided that, if the parties did not settle their disputes "within sixty (60) days after the service

accordance with the terms of the Joint Venture Agreement."[2] (*Id.* at p. 17). Further, the Court stayed the instant case "pending the conclusion of the arbitration proceedings." (*Id.* at p. 18). Finally, the Court directed the parties to "file status reports regarding the pendency of the arbitration proceedings . . . every ninety (90) days hereafter." (*Id.*).

Of note, at the time that the Court entered the Order to Arbitrate, neither Defendant was represented by counsel in this matter. (*See* Doc. 46). Additionally, as an unrepresented business entity, First Edge is not permitted to make any filings with this Court. *See, e.g.*, Local Rule 2.02(b)(2) ("A party, other than a natural person, can appear through the lawyer only."). In any event, the most recent information the Court has received regarding arbitration was filed on February 23, 2026, when Plaintiff filed a unilateral status report pursuant to the Order to Arbitrate. (Doc. 69 ("**Plaintiff's Status Report**")). Therein, Plaintiff notified the Court that Valdes had "ignored repeated attempts to set mediation," and, ultimately, Plaintiff set mediation without Defendants' input for January 28, 2026. (*Id.* at p. 2). According to Plaintiff, Valdes did not appear for the mediation, and Plaintiff represented to the Court that he would file arbitration "[b]efore March 31, 2026." (*Id.*).

of a written demand for mediation, any unresolved controversy or claim will be settled by arbitration administered by the International Centre for Dispute Resolution in accordance with its Commercial Arbitration Rules." (Doc. 20-1, p. 3).

[2] The Arbitration Agreement is contained within a broader Joint Venture Agreement that was entered into by the parties. (Doc. 20-1).

Pursuant to the Order to Arbitrate, the parties' next status report regarding arbitration was due on or before May 25, 2026. (*See* Docs. 63, 69). However, shortly before this deadline elapsed, on May 13, 2026, Plaintiff's counsel moved to withdraw from his representation in the case. (Doc. 71 (the "**Motion to Withdraw**")). In the Motion to Withdraw, Plaintiff's counsel represented—presumably due to a miscalculation—that Plaintiff's next status report was due "on June 22, 2026." (*Id.* at p. 2). On May 15, 2026, Plaintiff's counsel was permitted to withdraw, and since that time, Plaintiff has proceeded *pro se*. (Doc. 72).

By May 25, 2026—the deadline for filing the parties' latest status report as required by the Order to Arbitrate—no party had filed such a status report. Nor did any party file a status report by June 22, 2026, the erroneous deadline referenced by Plaintiff's counsel in the Motion to Withdraw. (*See* Doc. 71, p. 2). Consequently, on June 23, 2026, the Court entered an Order (Doc. 74 (the "**Order to Show Cause**")), directing as follows:

> The parties have failed to comply with . . . the Court's Order [(Doc. 63)], specifically to timely file a joint status report. The parties shall SHOW CAUSE or file their joint status report within fourteen days from the date of this Order. Failure to comply with this Order may result in dismissal without prejudice or other appropriate sanctions.

(*Id.*). The deadline for responding to the Order to Show Cause elapsed on July 7, 2026—more than two weeks ago. (*See id.*). However, to date, no party has responded to the Court's Order to Show Cause. Accordingly, the parties are in violation of both the requirement in the Order to Arbitrate to file timely status reports as well as the Order to Show Cause. (*See* Doc. 63, pp. 17–18; Doc. 74).

Moreover, without the required status reports, the Court cannot ascertain whether the parties have initiated arbitration in compliance with the Court's Order to Arbitrate. (*See* Doc. 63).

While the Court acknowledges that Valdes, as the only Defendant who is permitted to make filings in this action, has an equal responsibility to comply with the Court's orders,[3] Plaintiff bears the unique duty of prosecuting the case. *See Thomas v. Montgomery Cnty. Bd. of Educ.*, 170 F. App'x 623, 625–26 (11th Cir. 2006)[4] (per curiam) (noting the circumstances under which a court can dismiss a complaint with prejudice due to a plaintiff's failure to prosecute); *Taylor v. Spaziano*, 251 F. App'x 616, 619–20 (11th Cir. 2007) (affirming the district court's dismissal of the plaintiff's suit without prejudice for failure to prosecute); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). Although Defendants' obstinance has impeded the progress of this litigation, the Court cannot advance the case without Plaintiff fulfilling his independent obligation to prosecute the action.

---

[3] This is not to say that First Edge is absolved from complying with the Court's orders, only that, by failing to retain counsel in the case, it has allowed conditions to persist that make it impossible to comply.

[4] "Unpublished cases do not constitute binding authority and may be relied on only to the extent they are persuasive." *Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1355 (11th Cir. 2018).

As a result of the foregoing, it is **ORDERED AND ADJUDGED** that, on or before **August 7, 2026**, Plaintiff shall (1) **SHOW CAUSE**, in writing, for his failure to comply with the requirement to file status reports in the Order to Arbitrate and his failure to comply with the Order to Show Cause; and (2) file a status report confirming whether Plaintiff has initiated arbitration in accordance with the Court's Order to Arbitrate. Failure to timely comply with this Order will result in the dismissal of this case without prejudice for Plaintiff's failure to prosecute.[5]

**DONE AND ORDERED** in Orlando, Florida on July 23, 2026.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

[5] A litigant's *pro se* status does not excuse compliance with the Federal Rules of Civil Procedure or the Court's orders. *Moon*, 863 F.2d at 837–39.